UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY E. PLACE, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10CV355 HEA |
| STEVEN WAYNE JERRELL, | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jeffrey E. Place, Sr. (registration no. 141912) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. §

1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $124.63, and an average monthly account balance of $65.59. Accordingly, the Court will assess an initial partial filing fee of $24.93, which is twenty percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The complaint**

Plaintiff, an inmate at the Eastern Reception, Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against state prosecuting attorney Steven Wayne Jerrell. Plaintiff alleges that his appointed public defender in an underlying state criminal matter rendered him ineffective assistance of counsel. In addition, plaintiff generally alleges that his "life was trampled upon."

The complaint is legally frivolous as to defendant Steven Wayne Jerrell, because plaintiff has failed to assert any allegations against him. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was

2

personally involved in or directly responsible for incidents that injured plaintiff). Furthermore, the Court notes that where "a prosecutor is acting within the scope of his proper prosecutorial capacity, these actions are cloaked with the same immunity granted to judges." Barnes v. Dorsey, 480 F.2d 1057, 1060 (8th Cir. 1973); Wilhelm v. Turner, 431 F.2d 177, 182-83 (8th Cir. 1981); cf. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (prosecutor absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case"); Myers v. Morris, 810 F.2d 1437, 1446-48 (8th Cir. 1987)(immunity extends to allegations of vindictive prosecution).

To the extent that plaintiff is attempting to state a claim or cause of action against his state public defender for ineffective assistance of counsel, the claim is also legally frivolous, because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $24.93 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon

which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 6th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE